CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 09 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY TURNER,<br>　　　Petitioner, | Civil Action No. 7:07-cv-00531 |
| v. | MEMORANDUM OPINION |
| UNKNOWN,<br>　　　Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Anthony Turner has filed a pleading in which he challenges the validity of his detention under an order of involuntary commitment pursuant to Virginia Code § 37.2-815, entered October 29, 2007, by the General District Court of the County of Dinwiddie. Given the nature of the claim—a challenge to Turner's detention pursuant to the order of a state court—the court docketed his pleading as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

First, this court has no jurisdiction over Turner's § 2254 to the extent that it is raising a collateral challenge to an order of the Dinwiddie General District Court. Dinwiddie County is located within the jurisdiction of the United States District Court for the Eastern District of Virginia, and Turner is also detained within that court's jurisdiction, in Petersburg, Virginia. Therefore, this court has no jurisdiction to address his claims that his detention is wrongful. See 28 U.S.C. § 2241 (d).

Second, it is clear that Turner has not exhausted state court remedies as required under

1

§ 2254(b). Under this section, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies by presenting his claims to the highest state court with jurisdiction to address them, the federal court must dismiss the petition without prejudice. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Slayton v. Smith, 404 U.S. 53 (1971).

In this case, the petition clearly shows that Turner has not yet had opportunity to have his claims presented to or considered by any state court. The form on which he submits his pleading is designed to assist litigants in appealing to the circuit court from the general district court's order of involuntary commitment under Va. Code § 37.2-815. On the form, Turner has written that the commitment order was entered on October 29, 2007, and the court received his pleading on November 1, 2007, four days later. As Turner clearly has not yet exhausted his available state court remedies regarding his challenge to his involuntary commitment, no district court could address his § 2254 petition on the merits.

Third, perhaps Turner sent his appeal form to this court, believing that he could simply "appeal" the general district court's order to this court. However, lower federal courts, like this one, do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. V. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Plyler, 129 F.3d at 731; 28 U.S.C. §1257.

For the reasons stated, this court must dismiss the petition without prejudice, pursuant to

Rule 4. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This 9th day of November, 2007.

/s/ James C. Turk
Senior United States District Judge